**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4664-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CRUZ MARTINEZ, JR.,

    Defendant-Appellant.

_____

Submitted May 19, 2020 – Decided June 17, 2020

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-08-1528.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Cruz Martinez, Jr. appeals the February 5, 2019 Law Division order denying his petition for post-conviction relief (PCR), claiming he received ineffective assistance of counsel without an evidentiary hearing. We affirm.

I.

The underlying facts, procedural history, and trial court rulings were recounted in detail in our opinion affirming defendant's conviction and sentence on direct appeal, State v. Martinez, No. A-395-15 (App. Div. May 15, 2017),[1] and need not be repeated here. The Supreme Court denied defendant's petition for certification. State v. Martinez, 232 N.J. 159 (2018).

On August 6, 2013, a Hudson County grand jury returned Indictment No. 13-08-1528, charging defendant with: the murder of Alisha Colon, N.J.S.A. 2C:11-3(a)(1) (count one); felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); burglary, N.J.S.A. 2C:18-2 (count three); possession of a handgun, N.J.S.A. 2C:39-5(b) (count four); possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count five); and certain persons not to have possession of a handgun, N.J.S.A. 2C:39-7(b) (count six).

---

[1] We remanded for correction of the judgment of conviction.

A-4664-18T2

On November 7 and 13, 2014, the trial court conducted a <u>Wade</u>[2] hearing on defendant's motion to preclude the out-of-court identification of defendant by a minor witness. The trial court denied defendant's motion. Thereafter, defendant was tried before a jury and convicted on all counts. Defendant was sentenced to an aggregate term of seventy-five years of imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

In our opinion on defendant's direct appeal, we stated that on January 17, 2013, there was a dispute at W.F.'s[3] apartment in Kearny where W.F. was residing with her three children and other family members. The dispute escalated and W.F.'s niece accidentally struck her. The niece called her father, E.M., who arrived at the apartment with a machete and warned the individuals present to stay away from him and his daughter. The police were called and arrested E.M.

W.F. went to the police station to file a complaint against E.M. W.F. left her seven-year-old son I.T.[4] at the apartment with her sixteen-year-old daughter, Alisha Colon, I.T.'s sister. Later that day, defendant and three other individuals

---

[2] <u>United States v. Wade</u>, 388 U.S. 218 (1967).

[3] We use initials to protect the privacy of individuals involved in this matter.

[4] I.T. was referred to as I.F. in our prior opinion.

A-4664-18T2

drove to W.F.'s apartment. Defendant pushed the door open to W.F.'s apartment and fatally shot Colon in the head. Defendant told J.F., who drove with defendant to W.F.'s apartment, Colon was dead, and that he saw a young boy, who was later determined to be I.T., at the apartment, but did not feel like killing two people. J.F. told detectives that defendant wanted to send a message not to mess with his family.

Sergeant Shona Rosario testified at trial that she interviewed I.T. on January 17, 2013, and video recorded the proceeding. During the interview, I.T. described the shooting of his sister, Colon, and was asked if he knew who the men were involved with the crime. I.T. was not requested to identify defendant at the initial interview.

Two days later on January 19, 2013, I.T. was shown a photo array by Detective Kristen Fusiak, and he identified defendant as the man who shot his sister. I.T. was also shown photographs of J.F. and K.S., who participated in the murder plot, but I.T. could not identify them.

During trial on October 10, 2014, defense counsel argued that a Wade hearing was required to challenge the admissibility of the out-of-court identification of defendant as the perpetrator by I.T. Defendant's counsel argued that a hearing was required to determine whether or not: (1) the photo array was

impermissibly suggestive as the investigator dealt with a minor; (2) the voir dire was inadequate as to whether I.T. understood the nature of truth versus falsity; (3) Detective Fusiak failed to inform I.T. that the suspect's photo may or may not be in the photo array in violation of New Jersey Attorney General Guidelines; and (4) I.T. was interviewed two days before being shown the photographs and did not make an identification of defendant.

At the Wade hearing, defense counsel informed the trial court that he had no witnesses to present. Counsel stated, "I did not subpoena [I.T.] and there's a reason why . . . ." Defense counsel explained he was not certain whether I.T.'s guardian would make the child available to testify and confirmed, "I'm not going to be calling the boy." The trial court denied defendant's Wade motion and concluded that the standards set forth in State v. Henderson[5] were satisfied. Additionally, the trial court found there was no indication that the photo identification process warranted suppression of I.T.'s identification of defendant.

On June 13, 2018, defendant filed a pro se PCR petition, and the court appointed counsel for defendant. In the superseding PCR petition filed by counsel, defendant claimed that he was denied the effective assistance of counsel

---

[5] 208 N.J. 208 (2011).

because his trial attorney failed to subpoena I.T. or any live witnesses to testify at the Wade hearing. Defendant sought an evidentiary hearing on his petition.

On January 31, 2019, the PCR court heard oral argument and reserved decision. On February 5, 2019, the PCR court issued a five-page written opinion denying defendant's petition without an evidentiary hearing. The PCR court considered the merits of defendant's claims and found he failed to demonstrate his trial counsel was ineffective.

The PCR court held defendant "failed to state a prima facie claim of ineffective assistance of counsel" and "has failed to allege facts sufficient to warrant an evidentiary hearing . . . ." The PCR court further determined:

> [I]t is purely speculative that the alleged deficiency in not calling I.T. as a testifying witness at the Wade hearing would have had any bearing on the admissibility of the identification or the ensuing trial result, because the trial court [made] specific reliability findings that did not turn on the applicant's proffer of a failed first identification but turned instead on the proper police procedure used in the photo array.

The PCR court noted that the trial court found nothing suggestive with the photo array used "because all individuals pictured appeared with similar physical characteristics and skin complexion." Furthermore, the PCR court pointed out that defendant's trial counsel chose not to subpoena I.T. as a matter

of "trial strategy." On February 5, 2019, the court entered an order denying PCR.

On appeal, defendant raises the following arguments for our consideration:

POINT I

AS MR. MARTINEZ HAS ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE PCR COURT ERRED WHEN IT DENIED HIS PETITION FOR [PCR] FOR FAILING TO CALL THE MINOR WITNESS AT THE WADE HEARING.

POINT II

AS THERE WERE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

II.

Initially, we note that an evidentiary hearing is only required on a PCR petition if the defendant presents a prima facie case in support of relief, the court determines that there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). Moreover, "[t]o establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts

alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 667, 693 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under the test, a defendant first "must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. Defendant must establish that counsel's performance "fell below an objective standard of reasonableness" and "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

Defendant also must show "that the deficient performance prejudiced the defense." Id. at 687. To establish prejudice, the defendant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the matter. Id. at 694.

A petitioner bears the burden of establishing a prima facie case. State v. Gaitan, 209 N.J. 339, 350 (2012). "[W]e consider [a] petitioner's contentions

indulgently and view the facts asserted . . . in the light most favorable to him." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 420 (2004) (citing Mickens-Thomas v. Vaughn, 355 F.3d 294, 303 (3d Cir. 2004)); (Hakeem v. Beyer, 990 F.2d 750, 758 (3d Cir. 1993)). The de novo standard of review applies to mixed questions of fact and law. Ibid. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421. We apply that standard here.

Having carefully considered defendant's arguments, we affirm substantially for the reasons expressed by the PCR court in its well-reasoned written opinion. We add the following comments.

Defendant argues he was denied the effective assistance of counsel because his trial attorney failed to subpoena I.T. or any witnesses to testify at the Wade hearing. He argues the PCR court erred by rejecting this claim.

"A Wade hearing is required to determine if [an] identification procedure was impermissibly suggestive and, if so, whether the identification is reliable. [A] trial court conducts a Wade hearing to determine the admissibility of the out-of-court identifications." State v. Micelli, 215 N.J. 284, 288 (2013).

Here, defendant's trial counsel requested a <u>Wade</u> hearing. To be entitled to a pretrial <u>Wade</u> hearing, the defendant must first present "some evidence of suggestiveness" that could result in a misidentification. <u>Henderson</u>, 208 N.J. at 288. When evaluating whether evidence of suggestiveness warrants an evidentiary hearing courts consider various "system variables," which include pre-identification instructions, witness feedback, and whether the witness viewed the defendant multiple times. <u>Id.</u> at 289-90.

Defendant asserts that I.T. failed to identify him during his first investigatory interview with Sergeant Rosario. In addition, defendant postulates that I.T. might have been influenced before the photo array was shown to him and no inquiry was undertaken to ascertain whether I.T. could distinguish truth from fiction. Defendant also contends his counsel was ineffective for not subpoenaing Sergeant Rosario and Detective Fusiak to testify at the <u>Wade</u> hearing. We conclude that defendant failed to establish he was prejudiced by his counsel's handling of his issue.

The record shows the trial court presiding over the <u>Wade</u> hearing found, "It is clear and uncontroverted that the child had every opportunity to view the individual at the time of the offense . . . [I.T.'s] focus and attention was directly on the shooter." After viewing both recordings of I.T., the trial court found his

10

identification was reliable. I.T. testified at trial and acknowledged to the court he "can't lie and [has] to tell the truth." During his testimony, I.T. described defendant as "a little bit chubby" and "dark skinned," and pointed to defendant in the courtroom. We are convinced defendant failed to present a prima facie claim of ineffective assistance of counsel regarding his attorney's decision not to subpoena I.T., Rosario, or Fusiak on I.T.'s identification. Defendant failed to present sufficient evidence to show that counsel's decision "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

Moreover, defendant did not submit any certifications or affidavits setting forth the factual basis for his claim as required by Rule 3:22-10(c). To establish a prima facie claim, defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. at 170 (App. Div. 1999). Here, defendant did not present any competent evidence to support his claim.

We are satisfied that the PCR court did not err in denying defendant an evidentiary hearing on this claim. Defendant failed to present sufficient evidence to satisfy either prong required to establish a prima facie case of ineffective assistance under the Strickland test.

For these reasons, we conclude that defendant failed to establish a prima facie claim of ineffective assistance of trial counsel. Accordingly, an evidentiary hearing was not necessary to resolve defendant's petition, and we affirm the PCR court's denial of defendant's petition for PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4664-18T2